Joaquín Gallart Mendía, Manager, ex rel., Isolina Peña Rodríguez, Plaintiffs and Appellants, v. Banco Popular de Puerto Rico et al., Defendants and Appellees.

No. R-64-200.          Decided February 26, 1965.

*Donald R. Dexter, Emilio Delgado Roque,* and *Wilfredo Márquez* for appellants. *Rivera Zayas, Rivera Cestero & Rúa,* and *Francisco Agrait Oliveras* for Banco Popular de Puerto Rico and the Great American Insurance Company. *Emilio de Aldrey* for Acoustical & Remodeling Contractors, Inc. *Manuel Orraca Torres* for Isolina Peña.

Division composed of Mr. Justice Blanco Lugo, as Chief Judge of Division, pro tempore, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On June 16, 1962 the Industrial Commission rendered a final decision on the claim of Isolina Peña Rodríguez, employee of the University of Puerto Rico, who had suffered a labor accident a year before. Ninety days after said decision had been rendered, the Manager of the State Insurance Fund and said employee filed a complaint against Banco Popular

de Puerto Rico and Acoustical & Remodeling Contractors, Inc., in which they alleged that the accident was caused by the negligence of the aforementioned defendants in maintaining a hazard against public safety—a board affixed to the floor with a nail which protruded therefrom—in the premises of said banking institution. Specifically, reference was made to the fact that "the Manager of the State Insurance Fund . . . who subrogates himself in the rights of coplaintiff, Isolina Peña Rodríguez, sues by himself and on his [sic] behalf, pursuant to the provisions of § 31 of Act No. 45 of 1935, known as the Workmen's Accident Compensation Act . . . for wages not received, hospitalization, compensation and medical assistance to the worker . . . for the amount of $1,072.08." It was also adduced that the damages suffered by Mrs. Peña amounted to $20,000, requesting by virtue thereof, judgment for the amount of $21,072.08 "to be distributed as follows: $1,072.08 for the State Insurance Fund and $20,000 for coplaintiff Isolina Peña Rodríguez." The complaint is signed by attorneys Donald R. Dexter, Wilfredo Márquez, and Felipe Benicio Sánchez, as counsel for the Manager of the State Insurance Fund, and by attorney Manuel Orraca Torres, as counsel "for coplaintiff worker."

Defendants answered. The Bank and its insurer, Great American Indemnity Co., merely set forth a general denial of the facts, except for the existence of an insurance policy, and as special defense affirmatively alleged the absence of the intervention of the insured in the act of fixing on the floor the board or piece of wood which caused the accident. The Acoustical & Remodeling Contractors, Inc., among other defenses interposed plaintiff's lack of standing to sue. The Manager and Mrs. Peña answered the interrogatories of the Bank separately, insofar as the information requested was within their particular knowledge.

It is convenient to point out that it is an admitted fact that on the date of the occurrence of the accident Mrs. Peña was married to Frank Rodríguez Sala, and that on the date that the complaint was filed she was not separated from him.

At the hearing the trial judge called the attention of the parties to the civil status of Mrs. Peña Rodríguez and, in furtherance to justice he ordered that the complaint be considered as amended for the purpose of considering the conjugal partnership as plaintiff in the action. Nevertheless, on June 9, 1964 he rendered judgment stating that "Isolina Peña lacking standing to sue, it was his inescapable duty to dismiss the complaint, and grant the conjugal partnership leave to file a new action." He set aside his order granting the amendment to the pleadings and dismissed the complaint, without prejudice.[1] We agreed to review the judgment.

Since 1920, in *Vázquez v. Valdés et al.*, 28 P.R.R. 431, until recently in *Gearheart v. Haskell*, 87 P.R.R. 53 (1963) we have held that an action for personal injuries suffered by either of the spouses concerns the community partnership, and it devolves on the husband, as administrator of the community property, to bring action to recover damages. *Vázquez v. P.R. Ry., Lt. & P. Co.*, 35 P.R.R. 59 (1926); *Irizarry v. Díaz*, 35 P.R.R. 132 (1926); *Flit v. White Star Bus Line, Inc.*, 49 P.R.R. 139 (1935); *González v. White Star Bus Line*, 53 P.R.R. 328 (1938); *Segarra v. Vivaldi*, 59 P.R.R. 797 (1942); *Guadalupe v. District Court*, 65 P.R.R. 275 (1945); *Serrano v. González*, 68 P.R.R. 579 (1948); *Serra v. Transportation Authority*, 68 P.R.R. 581 (1948); *Rivera v. De Martínez*, 70 P.R.R. 456 (1949); *Meléndez v. Iturrondo*, 71 P.R.R. 56 (1950); *Echevarría v. Despiau*, 72 P.R.R. 442 (1951), *Vega v. Cía. Popular de*

---

[1] Any new complaint filed would prescribe because more than a year had elapsed from the date on which the final and unappealable order of the Manager was entered.

*Transporte,* 72 P.R.R. 491 (1951). A corollary to this ruling is that in cases where the action is filed by the wife, we have decided that it does not merely involve a nonjoinder of parties, but lack of standing to sue. For a reexamination of this question, see Annotation, *Spouse's cause of action for negligent personal injury as separate or community property,* 35 A.L.R.2d 1199 (1954); de Funiak, *Personal Injuries Under the California Community Property Law,* 15 La. L. Rev. 526 (1955); and especially, note in 31 Chi-Kent L. Rev. 251 (1953) in which the doctrine is characterized as a "social lag" and criticizes the reasoning used in support of said rule as a purely mechanical formula of statutory construction.

I

Appellant maintains that § 31 of the Workmen's Accident Compensation Act, 11 L.P.R.A. § 32, establishes a special proceeding which, in turn, creates a cause of action in favor of the Manager of the State Insurance Fund. She insinuates that actually the conjugal partnership is not a party in the proceeding since the cause of action belongs exclusively to said official. She is not right.

The right of subrogation against a third party causing the injury was sanctioned in the first Workmen's Accident Compensation Act, § 27 of Act No. 19 of April 13, 1916 (Sess. Laws, pp. 51, 63). It was retained in § 22 of Act No. 10 of February 25, 1918 (Sess. Laws, pp. 54, 82) and in § 45 of Act No. 84 of May 14, 1928 (Sess. Laws, pp. 624, 684) in the following language:

"In cases where the injury for which workmen are entitled to compensation under this Act shall have been sustained under circumstances creating a liability against a third person . . . if the workman or his heirs receive compensation under this Act from the State Fund, the Industrial Commission shall be subrogated to the rights of the injured workman or his heirs and may prosecute an action and recover damages from such

third person . . . which damages when recovered shall be covered into the Workmen's Relief Trust Fund for the benefit of the particular group in which the injured workman's occupation was classified."

Construing the scope of the provision copied above as to the right of action for damages against the third party, the wrongdoer, in *Machado* v. *The American R.R. Co. of P.R.*, 49 P.R.R. 823 (1936), we held that the worker or employee "may also sue a third person, when he wishes to do so, without his right being subject to any legal limitation." Specifically we said, at pp. 827–828, that, "The right of the Industrial Commission to subrogation is no obstacle to a recovery by the laborer of proper damages in a suit brought by him against the third person liable. The fact that a person is entitled to be subrogated to the rights of another does not preclude the latter from the exercise of an action to enforce his own rights. *The subrogation does not imply an exclusive right to bring the action.*" The acknowledgment of the worker's right to sue the third person is grounded on the fact that if the effect of subrogation was to preclude the worker from instituting such action, the result would be that the third person guilty of the tortuous act "would be relieved from paying any amount in excess of that paid by the employer, that he would have been bound to pay." (P. 831.) The same view was held in *Sanabria* v. *White Star Bus Line Inc.*, 50 P.R.R. 722 (1936). Thus we see that from the beginning said right of subrogation is not considered as implying an exclusive right of the government agency to exercise the action against the third person causing the injury.

Section 31 of Act No. 45 of April 18, 1935 (Sess. Laws, pp. 250, 316, 318) retained the right of subrogation, but it provided more specifically as to the exercise of the action against the third person as follows: .

"When the injured workman or employee, or his beneficiaries in case of death, may be entitled to institute an action for damages against a third person in cases where the State Fund, in accordance with the terms of this Act, is obliged to compensate in any manner or to furnish treatment for said injured workman, the Manager of the State Fund shall subrogate himself in the rights of the workman or employee or of his beneficiaries, against the third person, and may institute proceedings against the third person in the name of the injured workman or employee or of his beneficiaries at any time after the accident; and in any decision or award obtained in excess of the sum granted by the Manager, it shall be given to the injured workman or employee or to his beneficiaries.

"If the Manager fails to file a claim against the third person within the thirty (30) days following the award made, the injured workman or employee or his beneficiaries may institute such action, but this shall not indicate a renunciation of his rights in accordance with this Act; but if he obtains damages against the third person after he has received compensation from the State Fund, the sum he has received from the State Fund shall be returned to the Manager and the balance of the sum granted by the court shall be delivered to the injured workman or employee or to his beneficiaries."

■ When this provision was first construed it was precisely and definitively stated that said section does not create a new cause of action, nonexistent up to that time, in favor of the heirs or beneficiaries, in this case, of the worker. In *Cordero, Mgr.* v. *American Railroad Co.*, 66 P.R.R. 438, 441 (1946) it is stated that: ". . . the liability of such a third party for wrongful death has always existed in favor of the heirs of the decedent, without reference to Act No. 45. Section 31 of Act No. 45 does not purport to abolish this cause of action. *Nor does it supplant that action with one in favor of the beneficiaries* under paragraph 5 of § 3. Rather § 31 simply provides in effect that if a beneficiary has such an action, the Administrator is subrogated there-

to."[2] In other words, what breathes life into the right of subrogation is the existence of a cause of action under the principles of extracontractual liability. Therefore, it is deduced that in case of injury, occupational disease, or death of a married woman, the cause of action exercised by the Manager by subrogation is that which corresponds to the community partnership.

To outline more clearly that the action of subrogation by the Manager is limited, § 31 was amended by Act No. 16 of April 12, 1948 (Sess. Laws, p. 28), to establish among other things that "The workman, or employee, or his beneficiaries shall be parties in every proceeding instituted by the Manager under the provisions of this section, and it shall be the duty of the Manager to serve written notice on them of such proceedings within five days after the action is instituted." Hence, in the event of securing the effectiveness of the judgment which might fall against the third person no bond is required from the Manager up to the amount paid by him; but not so for the excess compensation sought for the benefit of the worker or employee. *Manager of State Fund* v. *District Court*, 73 P.R.R. 884 (1952). Another purpose of the Act of 1948 was to grant the Manager the first opportunity to institute the proceeding against such third person within the term of ninety days overruling the decision in *Del Río* v. *García*, 71 P.R.R. 86 (1950), but "It is in that judicial proceeding brought by the Manager that he can assert his right of subrogation, *a right which is limited to the expenses already incurred by the Manager by virtue of his previous decision." Negrón* v. *Industrial Comm'n*, 76 P.R.R. 282, 288 (1954).

---

[2] So much so that, under the rule then in force, in case of death, "If the beneficiaries are not heirs of the decedent [which could happen, the law being concerned with dependents] they have no rights under § 31 to which the Administrator may be subrogated." *Cordero, Mgr.* v. *American Railroad Co.*, 66 P.R.R. 438, 443 (1946).

■ If to these judicial decisions we add an examination of the paragraphs of § 31 concerning the compromises which may be approved in suits against the third person responsible—the Manager is authorized to compromise *"his rights"* against the third person, but no extrajudicial compromise shall affect "the rights of the workman or employee or of his beneficiaries" without their express consent and approval; and the worker or employee or his beneficiaries may compromise within 90 days after the decision of the Manager is final and unappealable or after he files the action, as long as the expenses incurred by the State Insurance Fund are first paid—and other provisions of the Law referring to cases of subrogation—§ 15, 11 L.P.R.A. § 16, contemplates the cases of reimbursement of the compensation paid to the worker of an uninsured employer to the Fund; and specifically, the right of subrogation of an uninsured employer against a third person causing the damage[3] —we must inescapably conclude that the action referred to in § 31 does not belong to the Manager, but to the injured worker or his beneficiaries, and in order that the cause of action may prosper it must be acknowledged in favor of said worker or his beneficiaries.[4]

---

[3] "In cases declared uninsured in which the accident is due to negligence of a third person, the uninsured employer who has paid to the State Insurance Fund the total amount of the liquidation of the case or who has secured payment by depositing a bond to the satisfaction of the Manager, may subrogate himself to the rights of the workman to recover the expenses incurred by him as a result of the accident. The workman or employee or his beneficiaries shall be parties to the proceeding brought in the cause of action they may have against a third person or against the uninsured employer, as the case may be, and any sum collected in excess of the sum paid to the State Insurance Fund by the uninsured employer to cover the liquidation of the case shall be paid to the injured person or to his beneficiaries in case of death, and no extrajudicial transaction shall be valid without their consent."

[4] *Sierra, Sec. of Labor* v. *Superior Court,* 81 P.R.R. 540 (1959), where we discussed the scope of the representation of workers by the Secretary of Labor in litigations of claims of wages, presents a clearly distinguishable situation. See specifically, pp. 552 to 555.

In the present case the right of action against the third person responsible for damages accrued to the community partnership. The sole appearance of the injured wife was insufficient.

## II

■ Nevertheless, the line of authorities on the doctrine that the action for damages caused to one of the spouses belongs to the community partnership reveals certain reticence which has led us to refrain from being too strict in the application of said rule. Thus, in *Echevarría* v. *Despiau, supra,* we stated that although it does not appear from the complaint in an action for personal damages to the husband that it is filed on behalf and for the benefit of the conjugal partnership, yet it does not mean that for that reason the complaint does not state a cause of action *if during the trial* it is repeatedly shown that plaintiff was married at the time of the accident as well as when the complaint was filed, and under these circumstances, the court could, *motu proprio,* consider the complaint amended by the evidence. We add that the husband need not state the representative capacity in which he appeared. And in *Meléndez* v. *Iturrondo, supra,* invoking the rule that the allegations in the body of the complaint are the crucial feature of the case, we said that an action brought by an injured wife "accompanied" or assisted by her husband, the references to injuries to plaintiff must not be read as alleging a cause of action exclusively for the benefit of the wife, but rather as describing the injuries, for which the husband, as administrator of the community partnership, is bringing suit for damages on behalf of the community partnership. See the concurring opinion of the present Chief Justice, Mr. Negrón Fernández, at pp. 60–62. To the same effect, *Serra* v. *Transportation Authority, supra; Segarra* v. *Vivaldi, supra;* cf. *Guadalupe* v. *District Court, supra.*

As in *Meléndez, supra,* a careful examination of the record permits us to conclude that at a certain stage of the proceeding in the trial court, before a year had elapsed from the date on which the decision of the Manager became final and unappealable,[5] the allegations were amended in order that it may be reasonably understood that the action is exercised by the Manager for the benefit of the community partnership. On November 26, 1962 a pre-trial conference was held and during the same one of the attorneys for plaintiff stated that "There is an interrogatory where there appears, separately stated, who the witnesses are, the theory of the case, and the *claims.*" He refers to the following answers:

"(a)  For physical injuries suffered by Isolina
       Peña Rodríguez                                      $12,000
 (b)  For mental anguish suffered by her *and*
       *her husband, Frank Rodríguez Sala*                  7,000
 (c)  For income not received by her and her
       *husband*                                             750
 (d)  *For expenses for medical treatment and*
       *transportation*                                      250"

In our judgment the body of the complaint thus amended sufficiently shows that the conjugal partnership is actually the plaintiff party. In a different degree we reached a similar conclusion in the case of *Serra* v. *Transportation Authority, supra.*

The judgment rendered by the Superior Court, San Juan Part, on June 9, 1964 will be reversed, and the hearing having been held on the merits, the case will be remanded to the trial court to make the corresponding findings of fact and conclusions of law in relation to the question of negligence.

---

[5] *Moreno* v. *Penzol,* 73 P.R.R. 12 (1952) was set aside by Act No. 70 of June 15, 1955 (Sess. Laws, p. 258) which amended § 31.